IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAYBE TORRES,

    Plaintiff,

    v.                                                                                              No. 16-CV-01352-KG-LF

GREGG MARCANTEL, *Secretary of Corrections*, DWAYNE SANTISTEVAN, *S.T.I.U. Administrator*, MAJOR RALPH LUCERO, *C.N.M.C.F. Unit Manager*, TAMARA KING, *C.N.M.C.F. Classification Officer*,

    Defendants.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiff Laybe Torres's Motion For Temporary Restraining Order, filed on February 7, 2017. [Doc. 13] Plaintiff is incarcerated, appears pro se, and is proceeding *in forma pauperis*. For the reasons explained below, Plaintiff's motion will be denied.

In his motion for temporary restraining order Plaintiff alleges, in relevant part, that when he arrived at Central New Mexico Correctional Facility (CNMCF) on April 21, 2016 to begin serving a thirty-month sentence for drunk driving, he was improperly classified as a member of the prison gang Syndicato Nuevo Mexico (SNM). [Doc. 13 at 6] As a result of this improper classification, Plaintiff immediately was placed in solitary confinement and, afterward, housed in a "special housing unit (SHU), Level IV custody status . . . [which] is strictly a unit for validated S.N.M. prison gang members." [Doc. 13 at 6-7] Plaintiff alleges that because he "is forced to live or languish with violent prison gang members," he is exposed to "substantial risk of serious

harm, such as assaults or even death." [Doc. 13 at 9] Plaintiff asks this Court to "issue an injunction order demanding that prison officials remove Plaintiff's name from the suspected security threat group list and to order prison officials to stop locking Plaintiff in solitary confinement with validated S.N.M. prison gang members." [Doc. 13 at 11] Plaintiff further asks the Court to order Defendants "to remove the Plaintiff from his current housing condition and release the Plaintiff into General population lower custody status." [Doc. 13 at 11]

Federal Rule of Civil Procedure 65(b)(1) provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). There is no indication in the record that Plaintiff has provided Defendants with written or oral notice of his motion for a temporary restraining order and Plaintiff has failed to provide the Court with an affidavit or verified complaint supporting his factual allegations. Because Plaintiff has failed to comply with Rule 65(b)(1), his motion for temporary restraining order may be denied summarily. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980) ("It is incumbent on litigants, even those proceeding pro se, to follow the federal rules of procedure.").

Nonetheless, the Court will address the merits of Plaintiff's motion. To obtain a temporary restraining order under Rule 65(b), "the moving party must demonstrate four factors: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tips in the movants favor; and (4) that the injunction is in the public interest." *RoDa Drilling Co. v. Siegal*, 552 F.3d

1203, 1208 (10th Cir. 2009). The United States Court of Appeals for the Tenth Circuit has stated that "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action—a mandatory preliminary injunction—before a trial on the merits," because "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *Id.* Since such preliminary injunctive relief is "traditionally disfavored," the moving party "seeking such an injunction [must] make a heightened showing of the four factors." *Id.* at 1209.

Plaintiff is proceeding pro se and, therefore, the Court must construe his filings liberally and hold them "to a less stringent standard." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* Furthermore, pro se status "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

I.   Likelihood of Success

In *Sparks v. Foster*, 241 F. App'x 467 (10th Cir. 2007) (unpublished), the United States Court of Appeals for the Tenth Circuit considered whether the improper classification of the plaintiff as a prison gang member in a Security Threat Group (STG) violated the plaintiff's rights under the due process clause of the Fourteenth Amendment. The Court noted that "[c]hanging a prisoner's classification generally does not deprive him of liberty under the due process clause alone," because a prisoner does not have a liberty interest in his or her classification. *Id.* at 471. The Court held that, since "[c]lassification decisions are within the discretion of the Department of Corrections," the plaintiff did "not have a liberty interest in a particular classification, be it a gang member or within an STG, [and] he [could not] maintain an action based on the classification under the Fourteenth Amendment." *Id.*; *see also Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) ("Changing an inmate's prison classification ordinarily does not deprive him of liberty,

3

because he is not entitled to a particular degree of liberty in prison."). On the basis of the foregoing, the Court concludes that Plaintiff is unlikely to succeed on the merits of his Fourteenth Amendment due process claim.

Plaintiff's motion for temporary restraining order also alleges that the conditions of his confinement violate his right to be free from cruel and unusual punishment under the Eighth Amendment. [Doc. 13 at 10] "The Constitution . . . does not mandate comfortable prisons . . . and only those deprivations denying the minimal civilized measures of life's necessities . . . are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (10th Cir. 1991) (internal quotation marks and citation omitted.) The minimal civilized measures of life's necessities include "adequate food, clothing, shelter, sanitation, and medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). "To prevail on a 'conditions of confinement' claim under the Eighth Amendment, an inmate must establish that (1) the condition complained of is sufficiently serious to implicate constitutional protection, and (2) prison officials acted with deliberate indifference to inmate health and safety." *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001) (internal quotation marks and citation omitted).

Plaintiff fails to allege, with any particularity, that he has been deprived of the minimal civilized measures of life's necessities. Although Plaintiff alleges, in a conclusory fashion, that he is exposed to a risk of serious harm because he is housed with "violent validated SNM prison gang members," [Doc. 13 at 10], he fails to identify any specific and credible threats to his health or safety. *See Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 199) (holding that a plaintiff raising a failure-to-protect claim under the Eighth Amendment must "furnish more than a conclusory claim of being afraid and aggravated"); *Hall*, 935 F.3d at 1110 ("[C]onclusory

allegations without supporting factual averments are insufficient to state a claim on which relief can be based."). Additionally, Plaintiff fails to allege that Defendants acted with deliberate indifference because they were aware of, and disregarded, specific and credible threats to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official know of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). Therefore, the Court concludes that Plaintiff is unlikely to succeed on the merits of his Eighth Amendment claim.

II.     Irreparable Harm

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks and citation omitted). "Irreparable harm is not harm that is merely serious or substantial," rather it is harm of "such *imminence* that there is a clear and present need for equitable relief." *Id.* (internal quotation marks and citation omitted; emphasis in original). For the reasons discussed above, Plaintiff's alleged harm of serious injury from other inmates is speculative and "purely speculative harm does not amount to irreparable injury." *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1259 (10th Cir. 2003).

III.    Balance of the Equities and Public Interest

The balance of the equities and the public interest also do not support the issuance of a temporary restraining order. The Prison Litigation Reform Act provides, in relevant part, that:

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief.

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.  The court shall give substantial weight to any adverse impact on public safety or the operation of the criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.  Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

18 U.S.C. § 3626(a)(2).  As the United States Supreme Court has recognized, "courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform." *Turner v. Safley*, 482 U.S. 78, 84 (1987).  Indeed, "[r]unning a prison is an inordinately difficult task that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.." *Id.* at 84-85.  Therefore, "separation of powers concerns counsel a policy of judicial restraint."  *Id.* at 85; *see Meachum v. Fano*, 427 U.S. 215, 228-29 (1976) (holding that the federal courts should not become involved in "the day-to-day function of state prisons").  Neither the balance of the equities nor the public interest would be served by the issuance of a temporary restraining order that involves the Court in the day-to-day management of prison life.

IV.   Conclusion

For the foregoing reasons, the Court concludes that Plaintiff has failed to demonstrate that he is entitled to a temporary restraining order under Fed. R. Civ. P. 65(b)(1)(A).  Therefore, Plaintiff's Motion For Temporary Restraining Order will be denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion For Temporary Restraining Order [Doc. 13] is DENIED.

_____
UNITED STATES DISTRICT JUDGE