FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO
JUL 0 7 2017
8:20 AM
MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAYBE TORRES,

    Plaintiff,

v.

No. 16-CV-01352-KG-LF

GREGG MARCANTEL, *Secretary of Corrections*, DWAYNE SANTISTEVAN, *S.T.I.U. Administrator*, MAJOR RALPH LUCERO, *C.N.M.C.F. Unit Manager*, TAMARA KING, *C.N.M.C.F. Classification Officer*,

    Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, on Plaintiff Laybe Torres' Complaint For Violation of Civil Rights [Doc. 1] and Memorandum of Law [Doc. 12]. Also before the Court are Plaintiff's Motion For Appointment of Counsel [Doc. 5] and Third Motion Show Cause To Excuse Initial Partial Payment [Doc. 16]. Plaintiff was incarcerated at the time of filing, appears pro se, and is proceeding *in forma pauperis*. For the reasons explained below, Plaintiff's motion for appointment of counsel will be denied, Plaintiff's motion to excuse the initial partial payment will be denied as moot, Plaintiff's civil rights complaint will be dismissed, and Plaintiff will be granted thirty (30) days in which to file an amended complaint that states a claim upon which relief may be granted.

I.    Plaintiff's Motion For Appointment of Counsel Will Be Denied

On December 22, 2016, Plaintiff filed a Motion For Appointment of Counsel [Doc. 5], seeking appointment of counsel because he "has very limited access to legal resources,"

"absolutely no access to a law library where [he] can do legal research," he "has little knowledge of civil rights law and procedures," his "complaint contains complex legal issues of law and facts," and he "has no financial resources or assets to hire a civil rights attorney." [Doc. 5 at 3-4]

"There is no constitutional right to appointed counsel in a civil case. . . . However, the court may request an attorney represent any person unable to afford counsel." *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (internal quotation marks and citations omitted) (unpublished); *see* 28 U.S.C. § 1915(e)(1). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

The record reflects that Plaintiff understands the issues in this case and is representing himself in an intelligent and capable manner. Although Plaintiff states that he has no access to legal research or knowledge of civil rights law, he has submitted a comprehensive Memorandum of Law in support of his legal claims, which contains citations to case law and an in-depth legal analysis. [*See* Doc. 12] The factual and legal issues are neither novel nor complex and, for the reasons explained below, the Court concludes that the merits of Plaintiff's claims do not warrant the appointment of counsel at this time. Therefore, Plaintiff's Motion For Appointment of Counsel [Doc. 5] will be denied.

## II. Plaintiff's Third Motion Show Cause To Excuse Initial Partial Payment Will Be Denied

On December 22, 2016, Plaintiff filed his third motion seeking to excuse the initial partial payment in the amount of $9.35 ordered by the Court pursuant to 28 U.S.C. § 1915(b)(1)(A). [Doc. 16; *see* Doc. 4] In his motion, Plaintiff details the attempts he has made to pay the initial partial payment and states that "prison officials refuse to comply with Plaintiff's requests." [Doc. 16 at 1-2]

On February 2, 2017, Plaintiff's initial partial payment of $9.35 was received by the Court. [Doc. 11] Therefore, Plaintiff's third motion to excuse the initial partial payment will be denied as moot. Plaintiff is reminded that "he is required to pay the full amount of the filing fee." § 1915(b)(1); *see McClain v. Davis*, 494 F. App'x 874, 875 (10th Cir. August 20, 2012) ("The grant of *ifp* status . . . does not relieve an indigent litigant of the obligation to pay the filing fee, it only relieves him of the obligation to pay the fee in full before initiating his suit.") (unpublished).

## III. Plaintiff's Complaint Fails To State A Claim On Which Relief May Be Granted

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §§ 1915(e)(2)(B) and 1915A at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* §§ 1915(e)(2)(B), 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

3

the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

Plaintiff's complaint alleges that Defendants Gregg Marcantel, Secretary of the Department of Corrections, Dwayne Santistevan, Security Threat Investigation Unit (STIU), Ralph Lucero, Unit Manager at Central New Mexico Correctional Facility (CNMCF), and Tamara King, Classification Officer at CNMCF, improperly classified him as a member of a prison gang. [Doc. 1] As a result of this improper classification, Plaintiff alleges that he was segregated "in solitary confinement for months" and then housed "with violent gang members" in violation of his Fourteenth Amendment right to due process of law and Eighth Amendment right to be free from cruel and unusual punishment. [Doc. 1 at 11] Plaintiff's complaint seeks declaratory and injunctive relief, as well as compensatory and punitive damages. [Doc. 1 at 16, 20]

The Court examines "procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the [defendants] . . . the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)

(citations omitted). A prisoner does not have a liberty interest in his or her classification and, therefore, "[c]hanging a prisoner's classification does not deprive him of liberty under the due process clause." *Sparks v. Foster*, 241 F. App'x 467, 471 (10th Cir. 2007) ("Because Sparks does not have a liberty interest in a particular classification, be it a gang member or within an [Security Threat Group], he cannot maintain an action based on the classification under the Fourteenth Amendment.") (unpublished); *see also Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) ("Changing an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison."); *Muniz v. Moore*, 375 F. App'x 841, 844 (10th Cir. 2010) (holding that the plaintiff's "incorrect classification claim fails because due process generally does not give prisoners rights to a particular classification") (unpublished).

Nonetheless, a liberty interest may arise under the due process clause if the classification extends the length of an inmate's sentence or "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff does not allege that his classification as a prison gang member has extended the length of his sentence, but he does allege that it has resulted in his segregation "in solitary confinement for months" and his housing placement "with violent gang members." [Doc. 1 at 11]

In his complaint, Plaintiff alleges that he was improperly placed in segregation on October 16, 2008, February 7, 2011, and April 22, 2011 as a result of his improper classification as a gang member. [Doc. 1 at 11-12] To the extent that Plaintiff seeks monetary damages based on his placement in segregation in 2008 and 2011, Plaintiff's claims appear to be barred by the three-year statute of limitation applicable to claims under 42 U.S.C. § 1983.[1] *See Jackson v. City of*

---

[1] To the extent that Plaintiff seeks monetary damages based on conduct that occurred before December 12, 2013, Plaintiff's amended complaint should address the timeliness of his § 1983 claims in light of the three-year statute of

*Bloomfield*, 731 F.2d 652, 653 (10th Cir. 1984) ("[T]he pertinent limitations period for section 1983 claims in New Mexico is that found in N.M. Stat. Ann. § 37-1-8 (1978), which provides that actions for an injury to the person must be brought within three years."). Regardless, Plaintiff's complaint fails to provide any factual details regarding the conditions he experienced in segregation in 2008, 2011, or 2016 or the duration of his placement in segregation in 2016 and, therefore, the Court is unable to determine whether Plaintiff's placement in segregation imposed an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Jackson v. Ward*, 159 F. App'x 39, 41 (10th Cir. 2005) (holding that the plaintiff's complaint failed to state a claim for a due process violation because it "does not provide any specifics concerning the conditions of his confinement in segregated housing or anything about how his situation was atypical") (unpublished); *Gaines v. Stenseng*, 292 F.3d 1222, 1226 (10th Cir. 2002) (indicating that segregation in solitary confinement for a legitimate penological reason for a period of less than seventy-five days generally fails "as a matter of law to satisfy the 'atypical and significant' requirement"). Furthermore, although Plaintiff alleges that his "health and life are in great danger while being housed with violent gang members," [Doc. 1 at 15], he fails to explain why gang members pose a greater risk of harm to Plaintiff's health or safety than do other inmates in the correctional facility. The Court concludes that the conclusory allegations in Plaintiff's complaint are insufficient to state a claim for relief for the alleged violation of Plaintiff's rights under the due process clause. *See Hall*, 935 F.2d at 1110 ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").

Plaintiff's cruel and unusual punishment claim suffers from the same pleading deficiencies

---

limitation. *See Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007) (holding that the plaintiff bears the burden on equitable tolling, which "typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control").

as his due process claim. "An inquiry into conditions of confinement by necessity relies on the particular facts of each situation; the circumstances, nature, and duration of the challenged conditions must be carefully considered." *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001). "To prevail on a conditions of confinement claim under the Eighth Amendment, an inmate must establish that (1) the condition complained of is sufficiently serious to implicate constitutional protection, and (2) prison officials acted with deliberate indifference to inmate health or safety." *Id.* at 971 (internal quotation marks and citations omitted). "With respect to the first requirement, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* (internal quotation marks and citations omitted). With respect to the second requirement, the inmate must show that the defendant knew of and disregarded an excessive risk to inmate health or safety; specifically, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The conclusory allegations in Plaintiff's complaint are insufficient to establish that the conditions of Plaintiff's confinement pose a substantial risk of serious harm or that the individual defendants each were aware of and disregarded this substantial risk. *See, e.g., Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003) (holding that the plaintiff had failed to establish a violation of the Eighth Amendment because there was no indication that the individual defendants "were subjectively aware that the placement of a Cuban in a cell with two members of the Latin Kings was a risk to his safety"); *Riddle v. Mondragon*, 93 F.3d 1197, 1205-06 (10th Cir. 1996) (holding that a Plaintiff's allegation that he was "constantly in fear of his life by physical assaults from other inmates who may discover his crime as a sex offense at any time" was insufficient to state a claim under the Eighth Amendment because "of the failure to aver a deprivation that is, objectively, sufficiently serious,

and further . . . [the failure] to allege that the defendant officials had a sufficiently culpable state of mind"). Therefore, the Court concludes that Plaintiff's complaint fails to state a claim on which relief may be granted for the alleged violation of Plaintiff's rights under the Eighth Amendment.

Lastly, Plaintiff's complaint names multiple individual defendants, but it fails to connect each individual defendant to the alleged constitutional violations. In a civil rights action under 42 U.S.C. § 1983 against multiple governmental defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). "When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). Rather, the complaint "must explain what each defendant did to [the plaintiff] . . . ; when the defendant did it; how the defendant's action harmed him . . .; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Because Plaintiff's complaint fails to "identify *specific* actions taken by *particular* defendants" the Court concludes that it fails "to make out a viable § 1983 . . . claim." *Pahls*, 718 F.3d at 1226 (emphasis in original; internal quotation marks and citation omitted).

For the foregoing reasons, Plaintiff's civil rights complaint [Doc. 1] will be dismissed without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b). Because Plaintiff may be able to cure the deficiencies in his complaint with additional factual allegations and more precise pleading, the Court will grant

Plaintiff thirty (30) days in which to file an amended complaint that complies with the standards set forth above. Failure timely to file an amended complaint may result in the dismissal of this action without further notice.

IT IS THEREFORE ORDERED that Plaintiff's Motion For Appointment of Counsel [Doc. 5] is DENIED;

IT IS FURTHER ORDERED that Plaintiff's Third Motion Show Cause To Excuse Initial Partial Payment [Doc. 16] is DENIED as moot;

IT IS FURTHER ORDERED that Plaintiff's civil rights complaint [Doc. 1] is DISMISSED without prejudice and Plaintiff is granted thirty (30) days from the date of entry of this order in which to file an amended complaint that states a claim on which relief may be granted;

IT IS FURTHER ORDERED that the Clerk of the Court is directed to send to Plaintiff, together with a copy of this order, a form § 1983 complaint, with instructions.

_____
UNITED STATES DISTRICT JUDGE